IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS, AUSTIN DIVISION

| | | |
|---|---|---|
| DOSS CUNNINGHAM<br>     Plaintiff, | | |
| vs. | | |
| HAMPTONS YACHT CLUB, LLC,<br>HAMPTONS YACHT GROUP,<br>HAMPTONS YACHT CHARTERS, HYC<br>CHARTERS, LLC, HYC HOLDINGS, LLC,<br>WESTLEA YACHTS, LLC, WESTLEA<br>SECURITIES, LLC, WESTLEA<br>HOLDINGS, LLC, AND JOHN HOTTE<br>     Defendants. | | Civil Action No. 1:22-cv-00609 |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, DOSS CUNNINGHAM ("Plaintiff") and files this his Original Complaint complaining of Hamptons Yacht Club, LLC, Hamptons Yacht Group, Hamptons Yacht Charters, HYC Charters, LLC, HYC Holdings, LLC, Westlea Yachts, LLC, Westlea Securities, LLC, Westlea Holdings, LLC, and John Hotte (collectively "Defendants") and would show unto the Court the following:

### I. PARTIES

1.     Plaintiff Doss Cunningham is an individual that is a citizen of the State of Texas.

2.      Defendant Hamptons Yacht Club, LLC is a limited liability company that is formed under the laws of the State of New York.  Defendant Hamptons Yacht Club, LLC has its principal place of business in the State of New York.  Defendant Hamptons Yacht Club, LLC does not have a registered agent for service of process in the State of Texas.  Defendant Hamptons Yacht Club, LLC designated the Secretary of State of New York as its agent upon whom process against it may be served.  The address provided by Hamptons Yacht Club, LLC for the New York Secretary of State to mail a copy of any process served on Hamptons Yacht Club, LLC ("the New York Department of State Process Address") was:

> Hamptons Yacht Club, LLC
> 87 Powell Avenue
> Suite 201
> Southampton, New York, 11968

Defendant Hamptons Yacht Club, LLC may also be served via its chief executive officer, who is, on information and belief, Blair A. West, and who may be served at 63 Main Street, Southampton, New York, 11968, or wherever he may be found.

3.      Defendant Hamptons Yacht Group is not listed in the New York Department of State as an entity doing business in New York.  On information and belief, Defendant Hamptons Yacht Group has its principal place of business in the State of New York.  On information and belief, Blair A. West is the chief executive officer of Hamptons Yacht Group, and he may be served at 63 Main Street, Southampton, New York, 11968, or wherever he may be found.  On information and belief, Defendant Hamptons Yacht Group is an assumed name of Defendant HYC Holdings, LLC.

4.      Defendant Hamptons Yacht Charters is not listed in the New York Department of State as an entity doing business in New York.  On information and belief, Defendant Hamptons

Yacht Charters has its principal place of business in the State of New York. On information and belief, Blair A. West is the chief executive officer of Hamptons Yacht Charters, and he and may be served at 63 Main Street, Southampton, New York, 11968, or wherever he may be found. On information and belief, Defendant Hamptons Yacht Charters is an assumed name of Defendant HYC Charters, LLC.

5.      Defendant HYC Charters, LLC is a limited liability company that is formed under the laws of the State of New York. Defendant HYC Charters, LLC has its principal place of business in the State of New York. Defendant HYC Charters, LLC does not have a registered agent for service of process in the State of Texas. Defendant HYC Charters, LLC designated the Secretary of State of New York as its agent upon whom process against it may be served. The address provided by HYC Charters, LLC for the New York Secretary of State to mail a copy of any process served on HYC Charters, LLC ("the New York Department of State Process Address") was:

> HYC Charters, LLC
> 87 Powell Avenue Suite 201
> Southampton, New York, 11968

Defendant HYC Charters, LLC may also be served via its chief executive officer, who is, on information and belief, Blair A. West, and who may be served at 63 Main Street, Southampton, New York, 11968, or wherever he may be found.

6.      Defendant HYC Holdings, LLC is a limited liability company that is formed under the laws of the State of New York. Defendant HYC Holdings, LLC has its principal place of business in the State of New York. Defendant HYC Holdings, LLC does not have a registered agent for service of process in the State of Texas. Defendant HYC Holdings, LLC designated the Secretary of State of New York as its agent upon whom process against it may be served. The address

provided by HYC Holdings, LLC for the New York Secretary of State to mail a copy of any process served on HYC Holdings, LLC ("the New York Department of State Process Address") was:

> HYC Holdings, LLC
> 87 Powell Avenue Suite 201
> Southampton, New York, 11968

Defendant HYC Holdings, LLC may also be served via its chief executive officer, who is, on information and belief, Blair A. West, and who may be served at 63 Main Street, Southampton, New York, 11968, or wherever he may be found.

7.      Defendant Westlea Yachts, LLC is a limited liability company that is formed under the laws of the State of New York.  Defendant Westlea Yachts, LLC has its principal place of business in the State of New York.  Defendant Westlea Yachts, LLC does not have a registered agent for service of process in the State of Texas.  Defendant Westlea Yachts, LLC designated the Secretary of State of New York as its agent upon whom process against it may be served.  The address provided by Westlea Yachts, LLC for the New York Secretary of State to mail a copy of any process served on Westlea Yachts, LLC ("the New York Department of State Process Address") was:

> HYC Holdings, LLC
> 87 Powell Avenue Suite 201
> Southampton, New York, 11968

Defendant Westlea Yachts, LLC may also be served via its chief executive officer, who is, on information and belief, Blair A. West, and who may be served at 63 Main Street, Southampton, New York, 11968, or wherever he may be found.  On information and belief, Westlea Yachts, LLC is the previous name or an alternative name for HYC Holdings, LLC.

8.      Defendant Westlea Securities, LLC is a limited liability company that is formed under the laws of the State of New York.  Defendant Westlea Securities, LLC has its principal place of business in the State of New York.  Defendant Westlea Securities, LLC does not have a registered agent for service of process in the State of Texas.  Defendant Westlea Securities, LLC designated the Secretary of State of New York as its agent upon whom process against it may be served.  The address provided by Westlea Securities, LLC for the New York Secretary of State to mail a copy of any process served on Westlea Securities, LLC ("the New York Department of State Process Address") was:

Westlea Securities, LLC
87 Powell Avenue
Southampton, New York, 11968

Defendant Westlea Securities, LLC may also be served via its chief executive officer, who is, on information and belief, Blair A. West, and who may be served at 63 Main Street, Southampton, New York, 11968, or wherever he may be found.

9.      Defendant Westlea Holdings, LLC is a limited liability company that is formed under the laws of the State of New York.  Defendant Westlea Holdings, LLC has its principal place of business in the State of New York.  Defendant Westlea Holdings, LLC does not have a registered agent for service of process in the State of Texas.  Defendant Westlea Securities, LLC designated the Secretary of State of New York as its agent upon whom process against it may be served.  The address provided by Westlea Holdings, LLC for the New York Secretary of State to mail a copy of any process served on Westlea Holdings, LLC ("the New York Department of State Process Address") was:

Westlea Holdings, LLC
87 Powell Avenue
Southampton, New York, 11968

Defendant Westlea Holdings, LLC may also be served via its chief executive officer, who is, on information and belief, Blair A. West, and who may be served at 63 Main Street, Southampton, New York, 11968, or wherever he may be found.

10.     Defendant John Hotte is an individual and a citizen of the State of New York, who may be served at 87 Powell Avenue, Suite 201, Southampton, New York 11968, or wherever he may be found.

**B.  Jurisdiction**

11.     The Court has jurisdiction over the lawsuit under 28 U.S.C.A. §1332(a)(1) and U.S. Const. Art. 3, §2, cl. 1.

12.     Plaintiff Doss Cunningham is a citizen of the State of Texas.

13.     Defendant John Hotte is a citizen of the State of New York.

14.     Defendants Hamptons Yacht Club, LLC, HYC Charters, LLC, HYC Holdings, LLC, Westlea Yachts, LLC, Westlea Securities, LLC, Westlea Holdings, LLC, are not formed in Texas and do not have their principal places of business in Texas.  The principal places of business for those defendants are located in the State of New York.

15.     Hamptons Yacht Group and Hamptons Yacht Charters are not formed in Texas and do not have their principal places of business in Texas.  On information and belief, the principal places of business for those defendants are located in the State of New York.

16.     The amount in controversy exceeds $75,000.00, excluding interest and costs.  28 U.S.C.A. §1332(a).

## C. Venue

17.     Venue is proper in this district under 28 U.S.C.A. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.  Plaintiff's negotiation of the transaction that is the subject of this suit and Plaintiff's payment relating to same all occurred in the State of Texas.

## D. Conditions Precedent

18.     All conditions precedent have been performed or have occurred.

## E. Facts

19.     In 2017, Plaintiff chartered a yacht from a company doing business as "Hamptons Yacht Charters."  There was a written contract for that transaction.  Plaintiff paid the funds for the yacht, the yacht was provided, and Plaintiff was satisfied with the experience.

20.     In 2018, Plaintiff again wanted to charter a yacht with Hamptons Yacht Charters. Plaintiff had a verbal conversation with Defendant John Hotte regarding the transaction.  No written contract was signed for that transaction.  Plaintiff had this conversation via telephone call from the State of Texas.

21.     Plaintiff's assistant Danielle Chauncey communicated with Defendant John Hotte via email regarding the details of the transaction.  Defendant John Hotte's email signature referred to his role as "V.P. Charter Operations, Hamptons Yacht Group, 87 Powell Avenue, Suite 201, Southampton, NY 11968" along with an office telephone number and fax number.  The email signature also referred to his email address as "jhotte@HamptonsYC.com" and to a website address of www.HamptonsYC.com.

22.    A search of the records of the Secretary of State of New York revealed the limited liability company Defendants that share the same address – 87 Powell Avenue, Southampton, New York, 11968 – and reference the same individual as that listed in the 2017 contract with Hamptons Yacht Charters: Blair A. West.

23.    Danielle Chauncey, on behalf of Plaintiff, sent a proposal to John Hotte to secure a yacht for three days for $100,000.00, just day outings, no overnight, and not consecutive days.

24.    John Hotte responded to that proposal that he got that request approved and sent wiring instructions to Danielle Chauncey for the $100,000.00.

25.    Danielle Chauncey, on behalf of Plaintiff, wired $100,000.00 to charter the yacht pursuant to the instructions received from John Hotte.

26.    The chartered yacht was not delivered to Plaintiff at the promised date and time. John Hotte referenced a vague "mechanical issue" preventing the use of the agreed-upon yacht for the first week of July and stated that he would work on obtaining a similar caliber vessel to substitute.

27.    No chartered yacht, the one previously agreed-upon or an alternative, was delivered to Plaintiff for Plaintiff's use at any alternative date.

28.    Danielle Chauncey, on behalf of Plaintiff, repeatedly demanded a refund. John Hotte eventually stated he was in Florida dealing with his mother's estate and had been out of the loop, and that he would pass the request "along to corporate." All of Danielle Chauncey's email messages were written in and sent from the State of Texas.

## F. Cause of Action – Breach of Contract

29.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

30.    Plaintiff and Defendants entered into a valid and enforceable contract.

31.    Plaintiff and Defendants agreed that Defendants would provide a yacht for Plaintiff's use.

32.    Plaintiff paid the agreed-upon amount for that yacht and performed, substantially performed, and/or tendered performance of all of Plaintiff's contractual obligations.

33.    Defendants breached the contract by failing to provide the yacht.

34.    Defendants have refused to refund the money Plaintiff paid to Defendants.

35.    Defendants' breach caused injury to Plaintiff which resulted in damages.

### G.  Cause of Action – Promissory Estoppel

36.    Plaintiff repeats and realleges the foregoing paragraphs 1-28 as if fully restated herein.

37.    Defendants promised Plaintiff that Defendants would provide a yacht for Plaintiff's use.

38.    Plaintiff relied on that promise.  Plaintiff forwarded Defendants payment for that use of the yacht.

39.    Because of the nature of the promise, Plaintiff's reliance was both reasonable and substantial.  Defendants knew, or reasonably should have known, that Plaintiff would rely on Defendants' promise.

40.    Injustice to Plaintiff can be avoided only if Defendants' promise is enforced.

41.    Plaintiff's reliance on Defendants' promise caused injury to Plaintiff which resulted in damages.

### H.  Cause of Action – Fraud

42.    Plaintiff repeats and realleges the foregoing paragraphs 1-28 as if fully restated herein.

43.    Defendants represented to Plaintiff that Defendants would provide a yacht for Plaintiff's use.

44.    Defendants' representation to Plaintiff was material.

45.    Defendants' representation to Plaintiff was a false statement of fact and/or a false promise of future performance.

46.    Alternatively, Defendants' conduct amounted to a false representation to Plaintiff.

47.    Defendants made the false representation knowing it was false, or, alternatively, made the false representation recklessly, as a positive assertion, and without knowledge of its truth.

48.    Defendants intended and/or had reason to expect Plaintiff would act in reliance on the false representation.

49.    Plaintiff justifiably relied on Defendants' false representation and took actions in reliance on that representation.

50.    Defendants' false representation directly and proximately caused injury to Plaintiff, which resulted in damages.

## I. Alter Ego

51.    Plaintiff repeats and realleges the foregoing paragraphs 1-50 as if fully restated herein.

52.    Defendants Hamptons Yacht Club, LLC, HYC Charters, LLC, HYC Holdings, LLC, Westlea Yachts, LLC, Westlea Securities, LLC, Westlea Holdings, LLC, Hamptons Yacht Group, and Hamptons Yacht Charters are jointly and severally liable for the wrongful conduct described in the foregoing paragraphs because, on information and belief, those defendants intended to and did use each such other named defendant to perpetuate an actual fraud on Plaintiff by inducing the Plaintiff to do business with one or more of the Defendant entities (or an assumed name of one or

more of those entities) while divesting those entities of their assets to avoid repaying Plaintiff and avoiding consequences of nonperformance of their nonperformance.

53.     On information and belief, the identity of shareholders, directors, officers, and employees between the Defendants Hamptons Yacht Club, LLC, HYC Charters, LLC, HYC Holdings, LLC, Westlea Yachts, LLC, Westlea Securities, LLC, Westlea Holdings, LLC, Hamptons Yacht Group, and Hamptons Yacht Charters are substantially the same.

54.     On information and belief, the ordinary business between Defendants Hamptons Yacht Club, LLC, HYC Charters, LLC, HYC Holdings, LLC, Westlea Yachts, LLC, Westlea Securities, LLC, Westlea Holdings, LLC, Hamptons Yacht Group, and Hamptons Yacht Charters are commingled and not distinguished.

55.     On information and belief, an officer, member, or manager of Defendants Hamptons Yacht Club, LLC, HYC Charters, LLC, HYC Holdings, LLC, Westlea Yachts, LLC, Westlea Securities, LLC, Westlea Holdings, LLC, Hamptons Yacht Group, and Hamptons Yacht Charters is permitted to determine the policies of the other defendants.

### J.  Agency

56.     Plaintiff repeats and realleges the foregoing paragraphs 1-55 as if fully restated herein.

57.     At and during the time of the acts and/or omissions complained of herein, any acts and/or omissions committed by John Hotte, as an agent, representative or employee of Defendants Hamptons Yacht Club, LLC, HYC Charters, LLC, HYC Holdings, LLC, Westlea Yachts, LLC, Westlea Securities, LLC, Westlea Holdings, LLC, Hamptons Yacht Group, and/or Hamptons Yacht Charters, occurred within the scope of the actual or apparent authority of such person on behalf of such defendants.

### K.  Damages

58.     Plaintiff repeats and realleges the foregoing paragraphs 1-57 as if fully restated herein.

59.     As a direct and proximate result of Defendants' actions, Plaintiff suffered the following damages:

    a.     the $100,000.00 paid to Defendants;

    b.     reasonable expenses in reliance on Defendants' performance;

    c.     out-of-pocket losses; and

    d.     loss of use damages.

### L.  Exemplary Damages

60.     Plaintiff's injuries resulted from Defendants' fraud, which entitles Plaintiff to exemplary damages under Texas Civil Practice & Remedies Code §41.003(a).

### M.  Attorney's Fees

61.     Plaintiff is entitled to recover reasonable and necessary attorney's fees under Texas Civil Practice & Remedies Code 38.001 *et. seq.*

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon final hearing hereof that Plaintiff be awarded a judgment against Defendants for:

    a.     Actual damages of $100,000.00

    b.     Exemplary damages;

    c.     Prejudgment and postjudgment interest;

    d.     Court costs;

    e.     Attorney fees;

f.      All such other and further relief, both general and special, at law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

THE CRONFEL FIRM

By:            /s/ Guillermo Ochoa-Cronfel
Guillermo Ochoa-Cronfel
State Bar Number 15175600
7500 Rialto Blvd., Bldg. 1, Suite 250
Austin, Texas 78735
(512) 347-9600 ~ Telephone
(512) 347-9911 ~  Facsimile
Guillermo@TheCronfelfirm.com

ATTORNEY FOR PLAINTIFF
DOSS CUNNINGHAM