IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF TEXAS, AUSTIN
DIVISION

| | |
|---|---|
| DOSS CUNNINGHAM<br>*Plaintiff*<br><br>vs.<br><br>HAMPTONS YACHT CLUB, LLC,<br>HAMPTONS YACHT GROUP<br>HAMPTON YACHT CHARTERS, HYC CHARTERS, LLC, HYC HOLDING, LLC, WESTLEA YACHTS, LLC, WESTLEA SECURITIES, LLC, WESTLEA HOLDINGS, LLC, AND JOHN HOTTE<br>*Defendants* | Civil Action No. 1:22-cv-00609 |

### PLAINTIFFS' MOTION FOR DEFAULT JUDGEMENT AGAINST ALL DEFENDANTS

**1.** Pursuant to the Federal Rules of Procedure and the Local Rules of this Court, Plaintiff, Doss Cunningham respectfully moves for default judgment against all nine (9) defendants in this case. In support of this Motion, Plaintiff shows as follows:

### BACKGROUND

**2.** In 2017 Plaintiff chartered a yacht from a company doing business as "Hamptons Yacht Charters." There was a written contract for the transaction. The person who entered that contract on behalf of "Hamptons Yacht Chaters" was Captain Blair A. West. Plaintiff paid the funds for the yacht, the yacht was provided, and Plaintiff was satisfied with the experience.

**3.** In 2018, the Plaintiff again wanted to charter a yacht and used the same contacts as

the 2017 interaction. Plaintiff, through his secretary Danielle Chauncey ("Chauncey"), sent a proposal to John Hotte to secure a yacht for three days for $100,000.00. On March 28, 2018, Plaintiff had a verbal conversation with Defendant John Hotte and reached an agreement with him to charter a Yacht for three days in July of 2018 for $100,000.00. The Plaintiff had Chauncey wire the $100,000.00 agreed upon price on March 28, 2028. Receipt of the funds was confirmed. No written contract was signed for that transaction. Plaintiff had this conversation via telephone call from the State of Texas.

4. Thereafter and through June 22, 2018, Plaintiff's assistant Daniellee Chauncey and Plaintiff made repeated attempts to communicate with Defendant John Hotte via email and telephone, regarding the details of the transaction and attempted to reach definitive dates for the trip. They were met with untimely excuses for not responding or no response at all. During one of those communications, John Hotte referenced a vague "mechanical issue" preventing the use of the agreed-upon yacht for the first week of July and stated that he would work on obtaining a similar caliber vessel to substitute. Mr. Hotte did not respond to subsequent efforts to communicate with him and obtain a refund of the $100,000.000 until August 29, 2018, when stated he was in Florida dealing with his mother's estate and had been out of the loop, and that he would pass the request "along to corporate."  All of Danielle Chauncey's email messages were written in and sent from the State of Texas.

5. No chartered yacht was delivered to Plaintiff for Plaintiff's use at any date.

**6.**     Due to the informal nature of the contractual negotiations and the use of assumed names in the 2017 contract as well as in the descriptors in the email communications, Plaintiff's attorneys endeavored to identify the corporate person or persons who took Plaintiff's $100,000.00 without providing the agreed-upon yachting experience.

**7.**     Defendant John Hotte's email signature referred to his role as "V.P. Charter Operations, Hamptons Yacht Group, 87 Powell Avenue, Suite 201, Southampton NY 11968" along with an office telephone number and fax number. The email signature also referred to his email address as jhotte@HamptonsYC.com and to the website address of www.HamptonsYC.com.

**8.**     The name used by the party that provided the yacht in the 2017 contract was "Hamptons Yacht Charters."  That "entity" was therefore named in this lawsuit as a defendant, as it was reasonable for the Plaintiff to conclude that the person named in the written contract in 2017 was the same entity that was to provide the yacht in 2018. Defendant Hamptons Yacht Charters, however, is not listed in the New York Department of State as an entity doing business in New York. There is, however, an entity named HYC Charters, LLC in the records of the Department of State of New York. The address provided by HYC Charters, LLC for the Department of State of New York to mail a copy of any process served on HYC Charters, LLC was 87 Powell Avenue, Suite 201, Southampton, New York, 11968. This was the same address that was included in the email signature of the Defendant, John Hotte. Accordingly, HYC Charters, LLC was included as a defendant in this case as the entity which received the Plaintiff's money and did not provide any yachting experience.

9.  As described above, the emails from the Defendant John Hotte refer to a "Hamptons Yacht Group."  No entity named "Hamptons Yacht Group" is listed in the New York Department of State as an entity doing business in New York. Plaintiff concluded that it was an assumed name of one or a combination of the other entities who share that 87 Powell Avenue address.

10. Other clues as to the entity or entities responsible for taking Plaintiff's money without providing the promised yachting experience were obtained from the website address referenced in the Defendant John Hotte's email address (www.HamptonsYC.com) as well as John Hotte's email address itself (jhotte@HamptonsYC.com).  The entities Hamptons Yacht Club, LLC and HYC Holdings, LLC match up with these initials. The address provided by Hamptons Yacht Club, LLC and HYC Holdings, LLC for the New York Department of State to mail a copy of any process served on Hamptons Yacht Club, LLC was 87 Powell Avenue, Suite 201, Southampton, New York, 11968. The organizing document of the Hamptons Yacht Club, LLC also listed Blair A. West[1] as the organizer of that entity.

11. A review of the records of the New York Department of State indicated that Defendant Westlea Yachts, LLC is a previous name – or perhaps an alternative name – for HYC Holdings, LLC. Two other entities using that Westlea name – Westlea Securities, LLC and Westlea Holdings, LLC – also use the 87 Powell Avenue, Suite 201, Southampton, New York, 11968 address.

---

[1] The same name that was on the 2017 contract.

**12.**     In summary, these aforementioned searches of the New York Department of State revealed that all of the named entity Defendants share the same address-87 Powell Avenue, Southampton, New York 11968-and reference the same individual as that listed in the 2017 contract with Hamptons Yacht Charters: Blair A. West.

**13.**     All of the Defendants have been served, and all of these Defendants have had an opportunity to contest their liability to the Plaintiff. None of them answered that they were improper parties. None of them answered that they had no knowledge of the Plaintiff or his claims. Each and every one of the Defendants defaulted, and none of the Defendants contested the Plaintiff's assertions of liability, alter ego, and agency.[2]

## ARGUMENT AND AUTHORITIES

**14.**     As set forth in his Complaint, Plaintiff has alleged well-pleaded facts to support his claims. "The factual allegations in the complaint need only be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact). Detailed factual allegations are not required, but the pleadings must present more that than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wooten v. McDonald Transit Associates, Inc.,* 788 F. 3d 490, 498 (5th Cir. 2015) (internal quotations and citations mitted). Plaintiff's complaint outlines dates, persons, and specific details of the facts that support the causes of action therein.

**15.**     The Plaintiff effected personal service of the Complaint and summons to each and

---

[2] See Exhibit A, the Affidavit of Robert A. Swearingen, incorporated herein.

every one of the Defendants. The answer date for each Defendant has fully passed and each is in default. Plaintiff was also able to ascertain that the individual John Hotte was not in the military. By each of their defaults, the Defendants have admitted to Plaintiff's well-pleaded allegations of fact. *Jackson v. FIE Corp.,* 302 F. 3d 515, 524 (5th Cir. 2002), *citing Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank,* 515 F. 2d. 1200, 1206 (5th Cir. 1975) Thus, Plaintiff is entitled to a default Judgment.

16. Copies of the Process Server's file marked sworn proofs of service of Plaintiffs Original Complaint and summons, showing personal service on each of the Defendants were filed with the District Clerk and entry of default was requested. (Doc. # 32). The District Clerk entered default. (Doc. # 33).

17. In his Complaint and further requested and supported here, Plaintiff asks the Court for his actual damages for fraud in the amount of $100,000.00 (the amount of money provided by Plaintiff to Defendants), prejudgment interest, post-judgment interest and Exemplary Damages.

18. "A defendant concedes the truth of the [well pleaded] allegations of the Complaint concerning Plaintiff's liability, but not damages." *Melendez v. DJJRN, Inc.,* 2020 WL 7774940 (N.D. Tex. Nov. 16, 2020). Plaintiff can "submit affidavits and declarations to provide an evidentiary basis for the damages they seek" *Id.* A court "may enter default judgment against a party and determine damages without the benefit of an evidentiary hearing where the amount claimed is a liquidated sum or one capable of mathematical calculation. A sum capable of mathematical calculation is one that can be computed with certainty by reference to the pleadings and supporting documents alone." *Id.*

19. Plaintiff's affidavit attached hereto demonstrates Plaintiff was fraudulently induced to

enter into a contract in which he paid $100,000.00 to charter a yacht.[3] The Defendants took the funds, did not provide the yacht, refused to return the money, and has been non-responsive to Plaintiff's efforts to communicate and obtain the return of his funds.[4]

20. Therefore, the Defendants knowingly and intentionally, in an effort to receive and retain the $100,000.00 in funds from the Plaintiff, represented to Plaintiff that they had the ability to provide the yacht, the equipment requested, the personnel to operate the yacht and serve Plaintiff, his family and guests.[5] The Defendants' representation was material. The Defendants' representation was false, when the Defendants made the representations, the Defendants (1) knew the representation was false, or (2) made the representation recklessly, as positive assertion and without knowledge of its truth. The Defendants made the representation with the intent that Plaintiff act on it. The Plaintiff relied on the representation, and the representation caused the Plaintiff injury.

26. Plaintiff pleads and is entitled to exemplary damages of $200,000.00 under Tex. Civ. Prac. & Rem. Code §41.008(b)1(A) against the Defendants for committing fraud.

### PRAYER

27. For the foregoing reasons, Plaintiff respectfully requests the Court grant this motion for default judgement against the Defendants in the amounts of $100,000.00 in actual damages against each of the nine (9) Defendants and for an additional $200,000.00 in Exemplary Damages against John Hotte and for Pre and post judgment interest pursuant to Tex. Fin. Code §304.002.

---

[3] The Plaintiff's Affidavit is attached hereto as Exhibit B.
[4] *Id.*
[5] *Id.*

Respectfully submitted,
**The Cronfel Firm**

BY: /s/ Guillermo Ochoa-Cronfel
   Guillermo Ochoa-Cronfel
   Bar No. 15175600

   Guillermo@thecronfelfirm.com
   7500 Rialto Blvd. Bldg. 1, Ste. 250
   Austin, TX 78735
   Telephone: (512) 347-9600
   Facsimile: (512)) 347-9911
   ATTORNEY FOR DOSS CUNNINGHAM